

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. K. McClain
Criminal District Attorney
Georgetown, Texas

Dear Sir:

Opinion No. O-4121
Re: Whether common school district
trustee who has been convicted
of murder and given five year
suspended sentence may continue
as trustee, and related ques-
tions.

We have received your letter of recent date which
we quote in part as follows:

"Please give me your opinion on the follow-
ing question: 'Can a person, who has been duly
elected as a trustee of a common school district,
serve as such trustee after he has been convicted
in the District Court on a charge of murder, and
given a five year suspended sentence'?

"The second question I would like to have
you answer is this:

"'Does a suspended sentence disqualify a
trustee from voting in any election, whether
precinct, county, State or National election?'."

As the offense involved is a capital offense, we
assume that the defendant was convicted by a jury.

Section 2 of Article XVI of the Constitution of
Texas provides as follows:

"Laws shall be made to exclude from office,
serving on juries, and from the right of suf-
frage, those who may have been or shall here-
after be convicted of robbery, perjury, forgery,
or other high crimes. . . ."

Article 2927, Revised Civil Statutes, reads in part as follows:

"No person shall be eligible to any state, county, precinct, or municipal office in this State, unless he shall be eligible to hold office under the Constitution of this State. . ."

Article 5968, Revised Civil Statutes, provides as follows:

"All convictions by a petit jury of any county officers for any felony, . . . shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer." (Emphasis ours)

It is settled that a school trustee is a county officer. Hendricks v. State ex rel. Eckford., 49 S. W. 705; Bonner v. Belsterling, 104 Tex. 452; Fowler et al v. Thomas et al, 275 S. W. 253; Opinion No. O-1521.

Article 2954, Revised Civil Statutes, reads in part as follows:

"The following classes of persons shall not be allowed to vote in this State:

". . .

"4. All persons convicted of any felony, except those restored to full citizenship, and right of suffrage, or pardoned.

". . ."

On November 22, 1940, this department rendered Opinion No. O-2695 which held that in view of Section 2 of Article XVI, Constitution of Texas, a person who received a suspended sentence for burglary was disqualified thereby from holding the office of justice of the peace. We quote from the opinion as follows:

"What does the court mean by this language?
Clearly that if the Suspended Sentence Law defeats
or nullifies or conflicts with Section 2 of Arti-
cle XVI of the Constitution, it would be void.
This conflict, according to the court, would re-
sult if a person who is the recipient of a sus-
pended sentence would not suffer the disability
pronounced by this provision of the Constitution.
In other words, as applied to Section 2 of Arti-
cle 16 of the Constitution, if because of and
under the suspended sentence law a person could
hold office, serve on juries, and vote, notwith-
standing his having been adjudged guilty of the
crimes mentioned, because his sentence had been
suspended, would not the effect of the suspended
sentence law be to defeat the purpose of the Con-
stitution? Whereas, if the word 'convicted' in
Section 2 of Article 16 of the Constitution be
held to mean the ascertainment and publication
of guilt, rather than a final conviction, the dis-
abilities pronounced by the Constitution would be
suffered and the spirit and purpose of Section 2
of Article 16 is not violated by the suspended
sentence law."

The issues involved in your queries were fully
discussed, and authorities thereon were exhausted, in opin-
ion No. O-2698, and we enclose a copy of said opinion for
your consideration.

In view of the above cited constitutional and sta-
tutory provisions and the principles announced in Opinion No.
O-2698, we are constrained to hold that a person who is con-
victed of murder and given a five year suspended sentence
which is still in force and effect is not qualified either
to hold the office of trustee of a common school district or
to exercise the right of suffrage.

Very truly yours

APPROVED NOV 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:LW

ENCLOSURE

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN